IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| SHAWNDA RICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| vs. ) | No. 08-5106-CV-SW-JCE-SSA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Plaintiff is appealing the final decision of the Secretary denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § § 1381 et seq. Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court may review the final decisions of the Secretary. For the following reasons, the Secretary's decision will be affirmed.

Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one position represents the Agency's findings, the Court must affirm the decision if it is supported on the record as a whole. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

In hearings arising out of an application for benefits, the claimant has the initial burden of

establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A).  Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990).  In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment.  Id.  Once a claimant demonstrates that the impairment is so severe as to preclude the performance of past relevant work, the burden shifts to the Secretary to prove some alternative form of substantial gainful employment that claimant could perform.

  The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well settled.  The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions.  Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  When rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing the reasons for discrediting that testimony, and discussing the factors set forth in Polaski.

  The ALJ must give full consideration to all of the relevant evidence on the Polaski factors and may not discredit subjective complaints unless they are inconsistent with the evidence in the record as a whole.  Haynes v. Shalala, 26 F.3d 812, 814 (8th Cir. 1994).

## Discussion

Plaintiff, at the time of the hearings, was a 41-year-old female with a 12th grade education. She also had two semesters of higher education. She has worked primarily as a cashier, but most recently as a Certified Nurse's Aid at Joplin Health and Rehabilitation. During the relevant time period, she also had varied employment arranged through Penmac. She testified that she has a history of heart disease, which resulted in the placement of a cardioverter defibrillator. Despite that, she continued suffering from chest pain and had difficulty raising her arms above her head. These symptoms caused her to become disabled in 2002. She suffers chest pains three to four times per week, particularly if she overexerts herself, becomes stressed, or walks too much. She also testified that she has suffered from migraines since 2002, with a frequency of two to five times per week. She has had numerous emergency room visits, as a result of the headache pain. The migraine headaches also have caused confusion. She suffers from asthma and uses an inhaler three times per week; has suffered lower back pain, and has suffered bouts of depression. Finally, she stated that before she returned to work, she was forced to lie down three to four times per week for 1 to 1 ½ hours.

Regarding her daily activities, plaintiff testified that she had difficulty putting dishes on high shelves; that she was able to sweep or mop with just a little bit of difficulty, and that she could vacuum with some difficulty, but that it did not take her any longer to do those chores between January 2002 and October 2005. She stated that she gave up showing her dogs because of a fear of being shocked by the defibrillator. She acknowledged, however, that she had not been shocked for a long time and only about five times since it was installed. She acknowledged playing volleyball, tennis and basketball, but stated she did not get over exuberant with it.

It was the finding of the ALJ that:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2009.

2. The claimant did not engage in substantial gainful activity from January 10, 2002, the alleged onset date, through October 11, 2005, but has engaged in substantial gainful activity from October 12, 2005 through the date of this decision (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920 (b) and 416.971 *et seq.*).

3. The claimant has the following severe impairments: organic heart disease, asthma and migraines (30 CFR 404.1520( c )and 416.920 ( c) ).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk about 6 hours per day with normal breaks; sit about 6 hours per day with normal breaks, and push and pull without limitation, except as found for lifting and carrying. She cannot climb ladders, ropes and scaffolds, but can occasionally climb ramps and stairs. She can occasionally balance, stoop, kneel, crouch and crawl and, due to asthma and implanted cardioversion device, must avoid concentrated exposure to extreme cold, extreme heat, humidity and hazards such as unprotected moving machinery and heights.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on January 3, 1965 and was 37 years old on the alleged disability onset date, which is defined as a younger individual age 18-44 (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964)

9. The claimant has acquired work skills from past relevant work (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience and residual functional capacity, the claimant has acquired work skills from past relevant work that are

transferable to other occupations with jobs existing in significant numbers in the national

economy (20 CFR 404.1560 ( c ), 404.1566, 404.1568(d), 416.60 ( c ), 416.966 and 416.968(d)).

11. The claimant has not been under a "disability," as defined in the Social Security Act, from January 10, 2002 through the date of this decision (20 CFR 404.1520 (g) and 416.920(g)).

The ALJ discredited plaintiff's testimony. Specifically, he found that plaintiff's testimony regarding the extent of her limitations was not supported by the record as a whole. He noted that there was evidence in the record that plaintiff continued to "run her dogs" [Tr. 224, 908]. Her activities, which include athletic endeavors, as well as household chores, are also inconsistent with her claimed limitations. She returned to full-time employment in October of 2005, and has had periodic periods of employment from the alleged onset date in 2002.

Plaintiff asserts that the ALJ erred because he discounted the opinions of her treating physicians, Dr. Andrew and Dr. Corcoran, in calculating her residual functional capacity and in his credibility analysis.

Having fully reviewed the record, this Court is of the opinion that there is inadequate objective medical evidence to support the level of impairment alleged by plaintiff. As noted above, her work history; her recreational activity, and her household activities are inconsistent with the allegations of impairment.

The ALJ did not improperly disregard the opinions of plaintiff's treating physicians. In his opinion, he acknowledged that plaintiff suffered from organic heart disease, asthma and migraines, which were severe impairments. He properly noted, however, that the record as a whole does not support the limitations suggested by the treating physicians. It is not disputed that since October 2005, plaintiff has engaged in substantial gainful employment, as is defined for disability purposes. Since that time, she has continued to be treated for migraine headaches. This fact further supports the ALJ's conclusion that the extent of limitation is exaggerated. In

addition, the opinion that plaintiff should perform a work shift of only four to five hours is contradicted by her work history and her level of activity. For the reasons previously enunciated, the credibility determination and the formulation of the residual functional capacity is supported by substantial evidence.

Based on the record before it, the Court finds that the ALJ's decision is supported by substantial evidence in the record, and that plaintiff has failed to meet her burden of proving that she has an impairment that precludes her from engaging in substantial gainful activity. Accordingly, the decision of the Secretary should be affirmed.

It is hereby

ORDERED that the decision of the Secretary be, and it is hereby, affirmed.

                                         */s/ James C. England*
                                         JAMES C. ENGLAND
                                       United States Magistrate Judge

Date: March 9, 2010